**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BILLIE SELLMAN, Personal Representative of the Estate of BETTY L. SISCO, deceased,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) No. 05-CV-545-TCK-PJC ) |
| **AMEX INSURANCE CO. a/k/a IDS PROPERTY CASUALTY INSURANCE CO., an Insurance Company licensed in Illinois, doing business in the State of Oklahoma,** | ) ) ) ) ) ) |
| **Defendant.** | ) ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Dkt. No. 6). This action was initially filed in the District Court of Tulsa County, State of Oklahoma. Defendant removed pursuant to 28 U.S.C. § 1446. Plaintiff moves to remand arguing that the parties are neither diverse nor are the requisite $75,000 in damages alleged.

**I.   Standard on Remand**

A civil action is removable only if the plaintiffs could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906 (10th Cir. 1974). As such, the Court strictly construes the removal statute and must resolve all doubts against removal. *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

1

## II.     Diversity of Citizenship

Determination of the citizenship of a corporation is governed by 28 U.S.C. § 1332(c)(1): "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Courts of appeals have used three tests to determine a corporation's principal place of business: the "nerve center" test, the "corporate activities" test, and the "total activity" test. The Tenth Circuit adopted the "total activity" test in *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993), *cert. denied,* 114 S.Ct. 1057 (1994). "[T]he 'total activity' approach 'considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case.'" *Id*. (citing *White v. Halstead Indus., Inc*., 750 F. Supp. 395, 398 (E.D. Ark. 1990)).  In *Amoco*, the Tenth Circuit explained that a court need not definitively establish a corporation's principal place of business, so long as there is a finding in the negative, that is, that a corporation's principal place of business is not in the forum state. *Amoco*, 7 F.3d at 915-16 & n.3.

It is undisputed that Plaintiff is citizen of the State of Oklahoma. As to the citizenship of Defendant, the Court must apply the total activity test. *Amoco Rocmount Co.,* 7 F.3d at 915. Defendant states its primary place of business is in Green Bay, Wisconsin. This statement is the extent of the evidence provided to show that Defendant is not a citizen of the State of Oklahoma. However, Plaintiff offers no evidence to dispute Defendant's statement that its primary place of business is in Wisconsin. Thus, because the Court has only the affirmative statement of the Defendant regarding the total activity of Defendant and no opposing argument or contrary facts from Plaintiff, the Court finds that Defendant is a citizen of Wisconsin and that the parties are therefore

diverse.

### III.   Amount in Controversy

Once diversity of the litigants has been established, the requisite amount in controversy must be $75,000 for original jurisdiction to lie in the district courts of the United States. *See* 28 U.S.C. § 1332. "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000.00].'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "Thus, where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

Plaintiff's Petition states, "Plaintiff's damages exceed all insurance coverages available with the tortfeasor's policy and under said insurance policy." (Def.'s Resp. to Pl.'s Mot. to Remand, Ex. A, ¶ 10.)[1]  It is undisputed that the policy limit here is $100,000. (*Id.* at Ex. C.)  The amount in controversy is therefore clear from the face of the Petition and exceeds the jurisdictional minimum.

---

[1] The Petition also specifically references the policy number. (*Id.*)

## IV. Conclusion

Plaintiff's Motion to Remand (Dkt. No. 6) is DENIED. Additionally, Defendant's Motion to Dismiss (Dkt. No. 21) is DENIED as it was premised on its Motion to Exclude Witnesses and Exhibits (also Dkt. No. 21), which the Court previously denied (Dkt. No. 29).

**ORDERED THIS 7th DAY OF MARCH, 2006.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**